*13*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
S...   of ...xas

JUN 0 7 2001

Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. NO. B-01-038 |
| | § | |
| FOUR THOUSAND ONE HUNDRED | § | |
| FORTY-EIGHT DOLLARS ($4,148.00) | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
FILED

JUN 0 7 2001

Michael N. Milby
Clerk of Court

**MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR**
**SUMMARY JUDGMENT AS TO ALL INTERESTS, EXCEPT FOR THOSE OF**
**RICHARD H. TILLEY, AND ENTRY OF FINAL ORDER OF FORFEITURE**

The United States of America, Plaintiff, pursuant to Rules 55 and 56 of the Federal Rules of

Civil Procedure, moves this Court for a Default Judgment or, in the alternative for summary

judgment, and for Entry of Final Order of Forfeiture against FOUR THOUSAND ONE HUNDRED

FORTY-EIGHT DOLLARS ($4,148.00) IN UNITED STATES CURRENCY (hereinafter

"Defendant Property") as to all persons, except Richard H. Tilley, and as reasons states the

following:

1.      On or about July 31, 2000 at approximately 11:00 a.m., a tractor and trailer driven by

Richard H. Tilley ("Mr. Tilley") was stopped at the United States Border Patrol Checkpoint near

Falfurias, Texas.  Traveling as a passenger in the tractor was Annetha Broughton ("Ms.

Broughton").  Drug dogs alerted on the trailer.  A search of the trailer revealed 22 bundles of

marihuana, weighing approximately 562 pounds.  Both Mr. Tilley and Ms. Broughton were placed

under arrest.  An inventory of their possessions revealed that Ms. Broughton had in her

possession Mr. Tilley's wallet. In that wallet, agents discovered a total of four thousand one hundred forty-eight dollars ($4,148.00). That amount was comprised of : 38 - $100 bills; 4- $50 bills; 5 - $20 bills; 1- $10 bill; 6 - $5 bills; and, 8 -$1 bills. Mr. Tilley admitted that he was responsible for the marihuana and that he was to be paid between $5,000 and $10,000 to transport the marihuana to Hartford, Connecticut. The Defendant Currency was seized as proceeds from the sale of a controlled substance or as property used to facilitate a controlled substance transaction. Mr. Tilley was held for prosecution. Ms. Broughton was released.

2. On August 16, 2000, Mr. Tilley was indicted, under criminal number C-00-279, by a grand jury sitting in Corpus Christi, Texas, for possession with the intent to distribute the marihuana that was discovered in his possession on July 31, 2000. On August 29, 2000, Mr. Tilley entered a guilty plea to the indictment.

3. On March 7, 2001, the Plaintiff filed its Complaint for Forfeiture In Rem seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. § 881(a)(4). On March 13, 2001, Annetha Broughton ("Ms. Broughton"), who was proceeding pro se, was served the complaint and interrogatories, by certified mail, return receipt requested. Exhibit 1[1]. Notice of the "Order for Conference and Disclosure of Interested Parties" was effected on the same day. Exhibit 2. On April 13, 2001, Richard Henry Tilley ("Mr. Tilley") filed a claim to the Defendant Currency.[2] In

---

[1]      The exhibits appear at the end of this document.

[2]      Upon receipt of this claim, the undersigned counsel for the Government contacted Ms. Broughton to ascertain whether she intended to pursue the claim, given the fact that the money belonged to Mr. Tilley. Ms. Broughton informed counsel for the Government that she did not intend to pursue the claim if Mr. Tilley was doing so. Ms. Broughton indicated that she would withdraw her claim, but to date no withdrawal has been received. Furthermore, it seems that Ms. Broughton's telephone has been disconnected and despite repeated attempts, counsel for

2

accordance with Rule C(4) of the Federal Supplemental Rules for Certain Admiralty and Maritime Claims, the notice to file claims and of the Government's intent to forfeit the Defendant Currency was published for three consecutive weeks in the McAllen Monitor, beginning March 16, 2001. Publication was completed on March 30, 2001.  Exhibit 3.  The 30 day statutory period in which claims could be filed expired April 30, 2001.  No claims were received as a result of the publication.

4.    On April 23, 2001, Ms. Broughton filed her responses to the Plaintiff's first set of interrogatories.  In that response, Ms. Broughton asserted that the Defendant Currency is the property of Mr. Tilley and that she was merely holding it for him. Exhibit 4, page 7.  In his responses to the Plaintiff's first set of interrogatories, Mr. Tilley makes the same assertion.  Exhibit 5, page 2, answers 2(d) and (e).

5.    To date, despite the passage of more than 40 days beyond the statutory time permitted to file a claim,[3] Ms. Broughton has not filed a claim nor an answer as required by Supplemental Rule C(6) as modified by 18 U.S.C. § 983(a)(2)(B).[4]  For this reason, Ms. Broughton's interest, if

---

the Government has been unable to contact Ms. Broughton since the conversation in which she stated that she intended to withdraw the claim.

[3]    The Fifth Circuit has repeatedly held that such filing requirements are to be strictly enforced.  United States v. Real Property Located at 14301 Gateway Boulevard West, 123 F.3d 312, 313 (5th Cir. 1997); United States v. One 1988 Dodge Pickup, 959 F.2d 37, 42 (5th Cir. 1992); United States v. $38,570 in U.S. Currency, 950 F.2d 1108, 1115 (5th Cir. 1992); United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 318-19 (5th Cir. 1984).

[4]    Ms. Broughton, prior to the Government's filing a complaint in this case and prior to Mr. Tilley's filing a claim, did file an administrative claim with the Drug Enforcement Administration in September 2000.  That filing is distinct from and does not substitute for the Supplemental Rule C(6) verified claim and answer.  United States v. One 1988 Dodge Pickup, 959 F.2d 37, 42 (5th Cir. 1992).  Any claim to the contrary "reflects a basic misunderstanding of the relationship between an administrative summary forfeiture proceeding and a judicial forfeiture proceeding."  United States v. $50,200 in United States Currency, 76 F. Supp. 2d 1247 (D. Wy. 1999).

any, in the Defendant Currency is subject to default forfeiture.

      6.    A further consideration in this matter relates to Ms. Broughton's standing to participate in these proceedings. Based upon Ms. Broughton's responses to the Government's interrogatories, Ms. Broughton lacks the ownership interest in the Defendant Currency to satisfy the statutory, as opposed to Article III, standing requirements necessary for her to file a claim or to otherwise participate in these proceedings. Under 18 U.S.C. § 983(d)(6), the ownership necessary to permit the filing of a claim to seized property does not include a bailee, unless the bailee can show a colorable interest in the property. The only interest that Ms. Broughton has in the Defendant Currency is to hold the currency for the person from whom she received it. When Mr. Tilley filed a claim for return of the currency that he had given to Ms. Broughton, there was no longer a cognizable interest possessed by the bailee in the Defendant Currency. In practical terms, Mr. Tilley has, in effect, reclaimed his interest in the property from the bailee when Mr. Tilley, the bailor, filed his claim to the Defendant Currency. Because Mr. Tilley has reclaimed his right to the Defendant Currency, Ms. Broughton has no existing colorable interest in the Defendant Currency. For this reason, the Court can resolve the interests of the owner of the Defendant Currency, without considering Ms. Broughton's interests, because, as demonstrated above, Ms. Broughton has no interest in the property.

      7.    The Government and Mr. Tilley have reached a settlement regarding his claim to the Defendant Currency. This settlement agreement is being filed simultaneously with this motion to permit the Court to resolve the matter in the most efficient and expeditious manner.

      8.    Because of Ms. Broughton's failure to file any, let alone a timely, verified claim, Plaintiff requests that the Court enter a Judgment by Default and enter a Final Order of Forfeiture

against the Defendant Property pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of

Civil Procedure.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _____

RONALD G. MORGAN
Assistant United States Attorney
Fed. Bar No. 23902
600 East Harrison, Ste. 201
Brownsville, Texas 78521
Tel :(956) 548-2554
Fax: (956) 548-2711

5

## VERIFICATION

I, Ronald G. Morgan, Assistant United States Attorney, verify the following:

1. I represent the Plaintiff in this action. The Defendant Currency was seized by agents of the Drug Enforcement Administration on July 31, 2000. At the time of the seizure, the agents had probable cause to believe that the Defendant Currency was the proceeds of or otherwise related to a transaction involving controlled substances and was, therefore, subject to forfeiture. This probable cause was based upon the discovery of approximately 562 pounds of marihuana in the trailer portion of the tractor trailer and the statements of the driver that he was to be paid between five and ten thousand dollars to transport the marihuana.

2. A Complaint for Forfeiture was filed by the United States of America against the Defendant Currency and was served upon all potentially interested persons.

3. Only the truck driver, Mr. Richard Henry Tilley, has filed a verified claim or answer within the time required by the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Actions. That claim has been settled between Mr. Tilley and the Government.

4. The person to whom Mr. Tilley had given the money for safekeeping, Ms. Broughton, filed an administrative claim for the property, but did not file a claim as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, as modified by 18 U.S.C. § 983(a)(2)(B), which would permit her to be a party to the judicial forfeiture of the Defendant Currency.

5. The Plaintiff knows of no reason why Final Judgment by Default should not be entered against any interest that Ms. Broughton may have in the Defendant Currency.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Signed this the _5th_ day of _June_, 2001.


RONALD G. MORGAN
Assistant United States Attorney

2

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (*Please Print Clearly*)   B. Date of Delivery  13-13-2001<br>C. Signature  X  ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |

1. Article Addressed to: —av—

Annetha Broughton
47 Summer Street, Apt. 204
Hartford, CT 06106

**Re: Copy of Verified Complaint for Forfeiture In Rem & Plaintiff's First Set of Interrogatories Civil No. B-01-038**

| 3. Service Type | |
|---|---|
| ☒ Certified Mail | ☐ Express Mail |
| ☐ Registered | ☐ Return Receipt for Merchandise |
| ☐ Insured Mail | ☐ C.O.D. |
| 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |

2. Article Number (*Copy from service label*)
Z 077 800 275

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

*Exhibit 1*

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Annetha .Broughton**
**47 Summer Street, Apt. 204**
**Hartford, CT 06106**

**Re: Order Setting Conference &**
**Disclosure of Interested**
**Parties; Civil No. B-01-038**

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X    ☐ Agent
     ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number (Copy from service label)
**Z 077 800 431**

PS Form 3811, July 1999          Domestic Return Receipt          102595-99-M-1789

*Exhibit 2*

Case 1:01-cv-00038   Document 13   Filed in TXSD on 06/07/2001   Page 10 of 54

# 2005 — US marshals — 9CC82655

Attn: Alice

# THE MONITOR

## PUBLISHER'S AFFIDAVIT

State of Texas
County of Hidalgo

Leticia Bernal _____, being
duly sworn on her/his oath states that she/he is a
Sales Representative of THE MONITOR and that the
attached notice appeared in the following issues:

3/16, 23+30/01

Subscribed and sworn to before me this 3rd

day of _April_ A.D. 2001

_Elizabeth D. Flores_
Notary Public, Hidalgo County

ELIZABETH D. FLORES
Notary Public, State of Texas
My Commission Expires
SEPT. 29, 2001

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

UNITED STATES OF
AMERICA,              §
              Plaintiff,  §   CIVIL NO. B-01-038
                      §
FOUR THOUSAND ONE     §
HUNDRED FORTY-EIGHT   §
DOLLARS ($4,148.00) IN §
UNITED STATES CURRENCY §
              Defendant.  §

### MONITION/NOTICE OF FORFEITURE ACTION

Notice is hereby given that on March 7, 2001, the
United States of America filed a Complaint for Forfeiture
against the property cited above. A Warrant of Seizure
and Monition was issued by the Clerk of the Court upon
the filing of the Verified Complaint for Forfeiture in the
above referenced action. Anyone with an interest in the
above properties who seeks to contest the forfeiture
must intervene by filing a claim within thirty (30) days
after execution of process, or within such time as the
Court may allow pursuant to Rule C of the
Supplemental Rules of Certain Admiralty and Maritime
Claims, and must serve and file their answers within
twenty (20) days after the filing of their claim. Anyone
with interest in the above properties who does not seek
to contest the forfeiture but wishes to file a petition for
remission or mitigating must do so pursuant to the pro-
cedures mandated in 28 C.F.R.§9. Any additional copy
of such petition must be filed with the U.S. District
Clerk's Office, 600 E. Harrison Street, Brownsville, TX
78520, with a copy to Ronald G. Morgan, Assistant
United States Attorney, 600 E. Harrison Street, #201,
Brownsville, Texas 78520.

RONALD G. MORGAN
Assistant United States Attorney
600 E. Harrison Street, Ste. 201
Brownsville, Texas 78520
(956) 548-2554

Exhibit 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. NO. B-01-**038** |
| | § | |
| FOUR THOUSAND ONE HUNDRED | § | |
| FORTY-EIGHT DOLLARS ($4,148.00) | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure (Fed.

R. Civ. P.), claimant is hereby required to answer under oath the interrogatories set forth below.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____

RONALD G. MORGAN
Assistant United States Attorney
Fed. Bar No. 23902
TX Bar No. 00795014
600 East Harrison, No. 201
Brownsville, Texas 78520
Tel. (956)548-2554
Fax (956)548-2711

Exhibit 4

# INSTRUCTIONS AND DEFINITIONS

1.   "Person" or "individual" means and includes natural persons, partnerships, corporation, joint ventures, associations, governmental bodies, commissions, boards, agencies, branches, departments, or component or element thereof, or any other kind of entity recognized by law, and their employees or independent contractors.

2.   "Claim" means any claim or claims filed by any person relating to the $4,148 in United States currency seized from Annetha Broughton and hereinafter referred to as the "Defendant Currency."

3.   "Claimant" means Annetha Broughton and/or any other person acting on behalf of or authorized to represent the interests of Annetha Broughton or who otherwise properly and timely files a claim to the "Defendant Currency."

4.   The word "document" includes all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure and also is used in this Set of Interrogatories in its broadest sense and means any written, drawn, typed, printed, recorded, photostated, computer generated, microfiched, microfilmed, graphic representations, drawings or printed materials of any kind whatsoever, however produced or reproduced and whether stored on computer disks and tapes residing in computer memory, pager, cards, disc, tape, film, electronic facsimile, computer storage, or any other media, whether an original, master, or duplicate including, but not limited to accounts (including accounting statements and bank statements), affidavits, agreements, analyses, appointment books, such as, but not limited to, "day planners" and "Franklin planners," calendars of any type, audits, bank checks, bid tabulations, bills, blueprints, bookkeeping entries, books, articles, or extracts from any of the foregoing, calculations, canceled checks, cashiers' checks,

1

change orders, charts, checks, check stubs, circulars, claim documents, communications

(including but not limited to all written forms of inter- and/or intra-organizational

communications within Claimant's business structure both present and past), comparisons,

computer printouts or materials stored in computer readable status, contracts, correspondence,

court filings, day books, declarations, depositions, desk calendars, design documents, diagrams,

diaries, drafts, drawings, e-mails, evaluations, expense reports, expressions or statements of

policy, field orders, files, financial records, forecasts, graphs, graphic or oral records or

representations of any kind, instruments, invoices, interview notes, job charge records, laboratory

and testing reports, ledgers, letters, lists of any kind including but not limited to lists of persons

attending meetings or conferences, log books, mailgrams, man-hour and cost projections,

memoranda, minutes or records of meetings or conferences, notebooks, note pads, notes of any

kind including but not limited to notations of any sort relating to conversations or meetings,

papers, personal reading files, personnel records, photographs, plans, printed matter, progress

schedules, projections, sound recordings, statements of any kind including but not limited to

statistical statements, studies, summaries, summaries of other documents, surveys, tape

recordings, "take-off" sheets, telefax, telegrams, telephone call records, telephone logs, time

records, time sheets, time tables, transcripts, travel vouchers, vouchers, witness statements and

indices, working papers, work orders, work schedules, work sheets, written estimates, and all

other papers, writings, drawings, recordings, or physical things containing information, including

all original and amended versions of documents, preliminary and subsequent drafts or marginal

notes appearing on any documents, however denominated or described by the parties to whom the

particular Interrogatories is directed.  "Document" shall further collectively include the original,

2

duplicate original, and any or all copies or reproductions of the original document, to the extent that any or all copies are different in any way from the original document, whether by interlineation, receipt stamps, notation, indication of copies sent or received or otherwise, which are within Claimant's possession, custody, or control.

5.    As used herein, "communication" means an oral, graphic, demonstrative, telephonic, electronic, written or like conveyance of information, including documents.

6.    "Fact" means any act, transaction, event, occurrence, practice, policy and course of conduct.

7.    "Identify" shall have the following meanings:

(a)    When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

(b)    When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known phone number, present or last known business affiliation and job description, and any past or present affiliation with Claimant. If such information is not current, the date of this information shall be specified. If the individual was an owner, officer, director or employee of the Claimant, also state his or her areas of responsibility.

(c)    When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location or custodian. Instead of providing this information, Claimant may attach a copy of the document to its answers. If any document is no longer in the possession or subject to the control of Claimant, state what disposition was made of it.

(d)    When used in reference to a source of information, the response shall identify each

3

individual providing information.  The response shall also state whether the information has been reduced to writing or other tangible form.  If so, the writing or other record shall be identified in the manner described or other record shall be identified in the manner described in subparagraph (c) above.

(e)   When used with reference to a communication, the response shall state the date of the communication, whether the communication was written or oral, the identify of all parties to the communication, the substance of what was said and/or transpired, and, if written, the identify of the document(s) containing the communication.

8.   "Describe in detail" or "state in detail" as used herein, means the following:

(a)   Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts; and

(b)   State:

(1)   the identity of each person involved in each such event, including, but not limited to the persons who transacted the transfer, by whom they were employed and who they represented;

(2)   the specific acts of each person participating in each such event;

(3)   the date and time of each such event;

(4)   the address and location of each such event; and

(5)   the identity of each person present during each such event.

(6)   what documents record the transfer and where those documents are located.

9.   "Relating," "relate(s)," "referring," "refer(s)" shall mean containing, comprising, constituting, stating, setting forth, recording, describing, discussing, reflecting, interpreting,

4

identifying, concerning, contradicting, or in any way pertaining to, in whole or in part, information about the subject matter addressed by the interrogatory.

10.    "Or" shall mean either "and" or "or," whichever shall be more inclusive in the context in which it is used.

11.    The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention, or response.

12.    Words used in these interrogatories when used in the singular shall be construed to include the plural, and vice versa.  Words used with reference to a person of the male gender shall also be construed to refer to a person of the female gender, and vice versa.

13.    If the Claimant asserts that any information sought by these interrogatories is privileged or otherwise protected from discovery, it shall set forth in its written response the specific privilege being claimed and sufficient foundational information to permit the Government (and the Court, if necessary) to determine whether the privilege is being properly asserted.

14.    Should the Claimant claim privilege for any documents about which information is requested for any of the following interrogatories, you are to provide a list with the following information:

(a)    Principals.  The name and title of the author(s), sender(s), address(es), and recipient(s).

(b)    Date.  The date the document was originated.

(c)    Publications.  The date and title of each person to whom the contents of the

5

document have been communicated (by copy, exhibition, reading, summarization, or otherwise).

(d)    Descriptions.  A description of the nature and subject matter of the document.

(e)    Privilege.  A statement of the privilege and the basis upon which it is asserted.

Notwithstanding a claim that the document is privileged, any document so withheld must be

produced with the portion claimed to be protected excised.

15.    If the Claimant objects or otherwise declines to answer any portion of an

interrogatory or document production request, please provide all information called for by that

portion of the interrogatory to which you do not object or to which you do not decline to answer.

If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for

information which is relevant to the subject matter of the action and information which is not),

provide the information that is relevant.  If you object to an interrogatory on the ground that to

provide an answer would constitute an undue burden, provide all requested information that can

be supplied without undertaking an undue burden.  For those portions of an interrogatory to

which you object or otherwise decline to answer, state the reason for such objection or

declination.

16.    If any document described below cannot be located, describe in detail: the effort

made to located the document, the person (by name, company, title, business address, and

business telephone number) who made such effort; the source and custodian of documentation

consulted and searched; whether any Governmental agencies would have retained a copy of any

of the documents; whether the document was destroyed, and if so, at whose direction, when, and

the reasons for its destruction; whether the document was lost, and if so, at what approximate

date, by whom, and under what circumstances.

6

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State with specificity what interest you claim to have to the defendant currency, to expressly include whether you claim to own the Defendant currency?  If you claim that you are the owner of the defendant currency, please state the names and addresses of persons with knowledge of your interest.  If you are filing this claim on behalf of someone else, please identify that person and your authority for filing the claim.

**ANSWER:** To Whom it Concern, I'm his fi
I Cinnetta Broughton is
Richard Tilley Fiance. And
He Gave Me the Money
to take care of our
bills at home. And
He worked For Everey Bit
of that money besides what
his daughter gave him to hef
get him a check.

my pen ran out so thats
why its different ink sorry

## INTERROGATORY NO. 2:

If you claim ownership of the defendant currency, please specify the source of the

defendant currency, including but not limited to the following:

(a) the person(s) from whom the defendant currency was received;
(b) date(s) and place(s) of receipt;
(c) detailed description of the transaction(s) which generated the defendant currency;
(d) why the currency was located in Richard Henry Tilley's wallet at the time it was seized;
(e) why did you have Richard Henry Tilley's wallet in your possession at the time of the seizure of the Defendant Currency:
(f) what, if anything, did Richard Henry Tilley tell you to do with his wallet or its contents when you took possession of his wallet
(g) when and from where was the cash obtained;
(h) why was the $4,148 cash in $5, $10, $20, and $100 bills;

**ANSWER:** Annetha Broughton July 31, 20
He gave me the wallet in front
of them and told me to take
care of the bills at home.
The Immigration people seen him
when he gave it to me. About
3 hours which I was not arrese
they came with my pocket book
and gave me my 100 dollars!
They asked me if I had any
money on me! I said my money
to get home to Take care of the
bills and which I had a 17 year old
daughter Home

**INTERROGATORY NO. 3:**

If you contend that the Defendant Currency in this case was generated from any transaction(s), please identify all documents reflecting or recording that (those) transactions. Also identify the form (e.g., cash cashier's or bank check, electronic transfer, etc.) in which the funds were generated as a result of the alleged transaction(s) and the exact amount you received after any and all payments were made related to the transaction. In the alternative, rather than identifying the documents, you may provide copies of the documents reflecting and/or recording the transaction(s).

**ANSWER:**



9

**INTERROGATORY NO. 4:**

If you claim that all or any part of the defendant currency was withdrawn from a bank, please identify the bank by name and address and provide the account holder and account number of the account(s) from which the defendant currency was withdrawn and the date(s) upon which the currency was withdrawn.

**ANSWER:**



10

**INTERROGATORY NO. 5:**

Please describe your relationship with Richard Henry Tilley to include, but not limited to the following:

(a) when did you meet Richard Henry Tilley;

(b) what is the nature of your relationship with Richard Henry Tilley;

(c) why were you traveling with Richard Henry Tilley on July 31, 2000;

(d) have you traveled with Richard Henry Tilley on other occasions, if so, how many and when;

**ANSWER:** I meet Richard Tilley when I was three years old. My father is a friend of his, then haven't seen one another in years intell we seen each other 20 years and we begun a relation ship and we got together

11

**INTERROGATORY NO. 6:**

State for yourself and your spouse, both current and former if any, your current and all prior names, including aliases or nicknames, date of birth, current address, and all addresses for the last five (5) years. For each address, please list the inclusive months and years you or your spouse lived at each address.

ANSWER: Cenretha Broughton
47 Sumner St apt 204
Hfd Conn 06 05
11/25/64                    6 years

Richard Tilley
6 Ashley St
HHfd CONN
06105

12

**INTERROGATORY NO. 7:**

If you or any current or former spouse have ever been arrested or convicted of a crime in any country, please state the date of the arrest and/or conviction, the charge(s), the name and address of the court in which you were convicted, the offense you were charged with or were convicted of, and the sentence or other outcome (i.e., prison term, probation).

**ANSWER:**



13

**INTERROGATORY NO. 8:**

List by name, address, current or last known telephone number each and every employer for whom you have worked and for whom your spouse, current or former, has worked during the past five (5) years, specifying for each the following: the inclusive dates of employment; the duties of employment; the amount of gross and net monthly salary; and the reasons for leaving employment. (If self-employed, also give each business name, business address and telephone number you have used during the five year period).

**ANSWER:**



14

**INTERROGATORY NO. 9:**

In addition to the income listed by you in answer to Interrogatory No. 8, list the sources of all other income received whether earned or unearned, by you or your spouse from any source(s) for the last ten years, including but not limited to gifts, bequests, gambling winnings, judgments, settlements, monies in trust, interest income, proceeds from the sale of collectibles, loans, or lines of credit, specifying the following for each source; the name and address of the person or organization from which the income was received, the date(s) and amount(s) of income received, the reason such income was paid to you.

**ANSWER:** I received State Welfare $+// And Started recevig Child Support from My daugter father last year in the Summer time. I get 40,00 every week. But if dont work I have No Income. But Food Stamps. And thats tell I Find a Job. Which I will! I god sol anything to do with it!

15

**INTERROGATORY NO. 10:**

Please identify any businesses owned by you or your spouse or in which either of you have any interest. For each identified business, identify your and/or your spouse's interest in that business and any income that was derived from that interest and reported on the appropriate tax returns or amendments to those returns for the years in which the income was received. For any identified business, identify all expenses that you paid, either directly or indirectly, to include, but not limited to operating expenses, salaries and overhead expenses.

**ANSWER:**



16

**INTERROGATORY NO. 11:**

Identify by name and address all financial institutions, wherever located, in which you currently have and/or have had an account during the last ten years in your name singly or jointly or in someone else's name in which you had/have an interest, identifying each account by the name in which the account was/is held and by account number.

**ANSWER:**



17

**INTERROGATORY NO. 12:**

List by type of property, address, date of sale or acquisition, the amount paid to or by you or your spouse, the identity of the purchaser or seller, the date sold or purchased, and the amount if any realized from or paid by your or your spouse for the sale or purchase of all real or personal property acquired or sold by you or your spouse, or on behalf of you or your spouse, at any time during the last five years. Property refers to items which have a fair market value greater than $500.00. Also identify any improvements or additions made by or paid for by you or your spouse during the last five years to any of the aforementioned property, to include the costs and sources of funds to make such improvements or additions.

**ANSWER:**



18

## INTERROGATORY NO. 13:

Please list the approximate amounts spent by you and your spouse and any child(ren) who

live with you on a monthly for the last year, for the following: food, clothing, shelter, utilities,

entertainment, insurance, medical and dental services, furniture, jewelry, vacations, travel,

transportation, gifts, education, business, alimony, child support, rental storage or for safety

deposit boxes, improvements or fixtures to any real or personal property owned by you or your

spouse, amounts spent for rental or leased vehicles and all other expenses. For each dependant

please list the name, date of birth, and current business and residence addresses and telephone

number.

**ANSWER:** I get Child Support
from my daughter father
Which is only, 40.00 dollars
every week. And food
Stamps for the past year.
Which is 160.00.dollar. And nothing
else you can check
Annetta Broughton
043-664750
11/25/64 [19]

**INTERROGATORY NO. 14:**

State the names and addresses of all persons who assisted you in preparing answers to these interrogatories (except clerical personnel), and the interrogatory numbers each specific person assisted you with.

Each such identified person is to sign the attached declaration and forward it along with his or her responses (Signature of counsel is not acceptable).

**ANSWER:** Cinnetta Broughton

20

## DECLARATION

I, _Annetha Broughton_ hereby declare under penalty of perjury as provided

by federal law, that I have read the foregoing Answers to Interrogatories and that every answer is

true and correct.

Executed on the ___ day of ___, 2001.

Declarant

Annetha Broughton

Sorry for the the Mistake.

Annetha Broughton

21

ℛ𝓂



RECEIVED BY

01 MAY 10 PM 3:30

Richard Henry Tilley
Reg. No. 89607-079
P.O. Box 7000-5812
FCI Fort Dix
Fort Dix, New Jersey
                  08640

                    May 7th, 2001

Clerk of the Court
United States District Court
Southern District of Texas
515 Rusk Avenue
Houston, Texas          77002

RE: Richard Henry Tilley/Four Thousand One Hundred Forty-Eight
    Dollars ($4,148.00) In U.S. Currency v. United States
    B-01-038

Dear Sir/Madam:

    I, the above noted person/claimant in the matter encaptioned,
submit the enclosed, "Claimant's Answer to the Plaintiff's First
Set of Interrogatories," to be filed with the Honorable Court
accordingly.

    Thanking you in advance to the attention and assistance to
the withheld.

                              Respectfully yours,

                              Richard Henry Tilley
                              Richard Henry Tilley

Exhibit 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. NO. B-01-038 |
| | § | |
| FOUR THOUSAND ONE HUNDRED | § | |
| FORTY-EIGHT DOLLARS ($4,148.00) | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil

Procedure (Fed. R. Civ. P.), claimant is hereby required to answer under oath the interrogatories

set forth below.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____

RONALD G. MORGAN
Assistant United States Attorney
Fed. Bar No. 23902
TX Bar No. 00795014
600 East Harrison, No. 201
Brownsville, Texas 78520
Tel. (956)548-2554
Fax (956)548-2711

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

Richard Henry Tilley,                    :

        Claimant,                    :

                       :

Four Thousand One Hundred      :
Forty-Eight Dollars ($4,148.
00) in United States Currency,:      Docket No. B-01-038
        Defendant,                    :

                       :

      v.                             :

                       :

United States of America,      :

        Plaintiff.                    :

..............................................................

### CLAIMANT'S ANSWER TO
### THE PLAINTIFF'S FIRST SET
### OF INTERROGATORIES

      **COMES NOW**, Richard Henry Tilley, Claimant, Pro Se, hereby Answers the Plaintiff's First Set Of Interrogatories, to wit: The following are the ANSWERS to the Interrogatories, numerically:

ANSWER 1:

      Com Data Checks issued for all transactions by the Sargent Trucking Company, to transport freight.   Converted to cash only at fuel stops across the United States and for vehicle expense, food, lodging, and hygiene.

**NOTE:**   Bob Carlin, Federal Public Defender, who was given the the Income Status, evidently failed to present same to the Drug Enforcement Agent, named, (FNU) Mills, from the Corpus Christi Office.

ANSWER 2:

      (a)   Com Data Checks supplied by Sargent Brokers to deliver freight;

      (b)   Dates are supplied on payment printout;

      (c)   To transport freight from point A to B and C;

      (d)   Ms. Broughton was given my wallet to hold during times on the trip when I conducted repairs, checks, and prepared to climb into the trailer with the Drug Enforcement Agents, each of which was to prevent loss;

      (e)   Often when crawling under the trailor to check tires and brake safety, wallets are often lossed and/or left on the ground.  To prevent loss, Ms. Broughton held the wallet;

      (f)   From the Com Data Checks and Company Checks for work completed by Sargent Trucking Brokers;

      (g)   All within the accompanying pay documents submitted;

      (h)   Most all checks and $100.00 bills requested by me (Richard Henry Tilley) from cashiers for easy storage in wallet and for easy dispursement for vehicle services.

ANSWER 3:

See Accompanied canceled checks and income printouts.

ANSWER 4:

NONE

ANSWER 5:

Mr. Sabrett's address is unknown

2

(a)   3 weeks;

(b)   3 prior weeks;

(c)   Spontaneous meetings hired immediatly as contract
      driver.

ANSWER 6:

No spouse and no AKAs.

ANSWER 7:

No spouse: Prior arrest, 1989.   Selling cigarettes
without permit (30 day period) 2 years suspended sentence,
served 87 days in the Connecticut institution.

ANSWER 8:

April, May, June 2000, Sargent Trucking Brokers
800 444 9753     26,0000 Gross Income

ANSWER 9:

NONE

ANSWER 10:

Occasional independent trucker and jobber.   Income less
than $8,000.00 annually no tax paid.

ANSWER 11:

NONE

ANSWER 12:

NONE

ANSWER 13:   Numerically listed according to the series of items:
            Richard Henry Tilley is not married, supports one adult

3

CMPDF - www.texiss.com

child.    The following are monthly increments:

1.  Food-$215.00
2.  Clothing-$150.00
3.  Shelter-$1,350.00
4.  Utilities-$60.00
5.  Entertainment-$200.00
6.  Insurance-$1,400.00
7.  Medical & Dental-$400.00
8.  Furniture-$60.00
9.  Jewelry-$25.00
10. Vacations-$0000.00
11. Travel-$60.00
12. Transportation_$25.00
13. Gifts-$0000.00
14. Education-$0000.00
15. Business-$10,000.00
16. Alimony-$0000.00
17. Child Support-$6000.00
18. Rental Storage-$15.00
19. Mail Box-$10.00
20. Improvements-$20.00
21. Rental/lease vehicles/other expenses-$2,000.00
22. Katrina Tilley, 2/78 (exact date unknown), 6 Ashley Street, Hartford, Ct 06105 (No Phone)


ANSWER 14:

Ms. Broughton was present when all Com Data Funds were acquired by Claimant.  Ms. Broughton collected funds while Claimant was in the process of fueling and servicing vehicle, by calling code numbers for collection.

4

ANSWER 15:

I, Richard Henry Tilley, Claimant, sole in question, has answered all questions as directed hereof.

## DECLARATION

I, <u>Richard H. Tilley</u>, do hereby declare under penalty of perjury as provided by federal law, that I have read the foregoing Answers to Interrogatories and that every answer is true and correct.

Executed on the <u>1st</u> day of <u>May</u>, 2001.

*Richard H. Tilley*
_____
Declarant

22

## CERTIFICATE OF SERVICE

I, Richard Henry Tilley, Claimant, Pro Se, hereby certify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have mailed via United States Mail, certified, that I have forward the Answers to the Interrogatories to the opposing counsel and the Clerk of the Court.   Each of the following being forward to the each address, respectively:

<u>MAILED TO:</u>

Clerk of the Court
United States District Court
Southern District of Texas
515 Rusk Avenue
Houston, Texas 77002

Ronald G. Morgan
Assistant United States
Attorney
600 East Harrison, No. 201
Brownsville, Texas 78520

DATED: May 7th, 2001
Fort Dix, New Jersey

Richard Henry Tilley – Pro Se
Reg. No. 89607-079
P.O. Box 7000-5812
FCI Fort Dix
Fort Dix, New Jersey 08640

CUtePDF - www.texiss.com

# PETITIONER'S SETTLEMENT
# STATEMENT & CHECKS

CWPDF – www.faxio.com

```
==TRAC/TRLR====06/05/2000=== SETTLEMENTS STATEMENT ==================PAGE= 1==
·TYPE T   ID  4965   TRC: OWNER 10747 TILLEY, RICHARD     SARGENT TRUCKIN
  ***********************************************************************
  ST PROREF TRAN TRAN-DESCRIPTION --DATE-- DESCRIPTION-- -AMOUNT-- RATE- ---PAY---
  ***********************************************************************
  =====================================================================
     THE FOLLOWING ITEMS WERE RECEIVED BY CUTOFF AND PROCESSED THIS PAY PERIOD
  =====================================================================
  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                      LD:BRISTOL         CT EMPTY:GOLETA          CA
     502797 ADV   ADVANCE      05/12/00 66756         1005.00  1.00  -1005.00
     502797 ADV   ADVANCE      05/16/00 CDN# 76497-25  105.00  1.00   -105.00
     502797 REV   REVENUE      05/12/00 FREIGHT ALL K 2700.00  0.88   2376.00
     502797 REV   REVENUE      05/12/00 EXTRA DROPS    150.00  1.00    150.00
     502797 RSHI  SHIPPER ADVANCE 05/12/00 SHIPPER ADV  300.00 1.00   -300.00
  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                      LD:COMMERCE        CA EMPTY:NORRISTOWN      PA
     502810 ADV   ADVANCE      05/16/00 CDN# 76562-92 1005.00  1.00  -1005.00
     502810 ADV   ADVANCE      05/18/00 CDN# 76695-43  405.00  1.00   -405.00
     502810 REV   REVENUE      05/16/00 FREIGHT ALL K 2600.00  0.88   2288.00
  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                      LD:LANCASTER       PA EMPTY:SPRINGFIELD     MA
     502819 ADV   ADVANCE      05/19/00 CDN# 76829-01  305.00  1.00   -305.00
     502819 REV   REVENUE      05/19/00 FREIGHT ALL K  525.00  0.88    462.00
  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     R      ADV   ADVANCE      06/05/00 67093         1505.00  1.00  -1505.00
     R      BANK  STOP PAYMENTS 06/05/00 STOP PAYMENT   15.00  1.00    -15.00
     RSSRS  SSRS  BINGO CARDS  05/12/00 2000 SSRS       191.00 1.00   -191.00
     RUPS   RUPS  UPS & FED EXPRES 05/22/00 FED EXP IN   15.00 1.00    -15.00
     RWKLY  BOND  ESCROW       05/15/00               100.00  1.00   -100.00
     RWKLY  RINS  INSURANCE    05/15/00                80.00  1.00    -80.00
     RWKLY  RINS  INSURANCE    05/22/00                80.00  1.00    -80.00
  -----------------------------------------------------------------------
  --DESCRIPTION--       ---PAY---                --MILEAGE-TOTALS--
  GROSS                 5,276.00
  EXP. REIMBUSRED           0.00                  0 LOADED MILES
  ADVANCES             4,330.00                  0 EMPTY MILES
  CHARGES                781.00                  0 TOTAL MILES
  NET                    165.00  <----- NET PAY  400.00 TOTAL BOND
```

**SARGENT TRUCKING, INC.**

06/05/2000            165.00     TILLEY, RICHARD

09627

TOTAL CHECK            $$$$$$165.0

```
==TRAC/TRLR====06/01/2000=== SETTLEMENTS STATEMENT ==================PAGE= 1==

TYPE T   ID  4965   TRC: OWNER 10747 TILLEY, RICHARD      SARGENT TRUCKIN

**********************************************************************
ST PROREF TRAN TRAN-DESCRIPTION --DATE-- DESCRIPTION-- -AMOUNT-- RATE- ---PAY---
**********************************************************************
======================================================================
    THE FOLLOWING ITEMS WERE RECEIVED BY CUTOFF AND PROCESSED THIS PAY PERIOD
======================================================================
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                      LD:CANTON         MA  EMPTY:EL PASO            TX
    288656 ADV   ADVANCE      05/22/00 66661        105.00 1.00  -105.00
    288656 ADV   ADVANCE      05/26/00 CDN# 77458-69 305.00 1.00  -305.00
    288656 ADV   ADVANCE      05/24/00 CDN# 77193-89 1005.00 1.00 -1005.00
    288656 REV   REVENUE      05/24/00 FREIGHT ALL K 2082.00 0.88  1832.16
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    RDRUG DRUG  DRUG TEST & PHYS 05/04/00 DRUG/RICHARD  55.00 1.00   -55.00
    RUPS  RUPS  UPS & FED EXPRES 05/31/00 FED EX IN     15.00 1.00   -15.00
    RWKLY BOND  ESCROW        05/22/00               100.00 1.00  -100.00
    RWKLY RINS  INSURANCE     05/30/00                80.00 1.00   -80.00
----------------------------------------------------------------------
--DESCRIPTION--       ---PAY---                   --MILEAGE-TOTALS--
GROSS                 1,832.16
EXP. REIMBUSRED           0.00                  0 LOADED MILES
ADVANCES              1,415.00                  0 EMPTY MILES
CHARGES                 250.00                  0 TOTAL MILES
NET                     167.16  <----- NET PAY 300.00 TOTAL BOND
```

**SARGENT TRUCKING, INC.**

06/01/2000                167.16    TILLEY, RICHARD

096111

TOTAL-CHECK    $$$$$$167.1

```
==TRAC/TRLR====06/08/2000=== SETTLEMENTS STATEMENT =================PAGE= 1==

TYPE T    ID   4965   TRC: OWNER 10747 TILLEY, RICHARD      SARGENT TRUCKIN

****************************************************************************
ST PROREF TRAN TRAN-DESCRIPTION --DATE-- DESCRIPTION-- -AMOUNT-- RATE- ---PAY---
****************************************************************************
=============================================================================
    THE FOLLOWING ITEMS WERE RECEIVED BY CUTOFF AND PROCESSED THIS PAY PERIOD
=============================================================================
                       LD:LAREDO        TX  EMPTY:CONCORD            NH
    502858 ADV  ADVANCE    05/30/00 CDN# 77619-20  1005.00  1.00  -1005.00
    502858 ADV  ADVANCE    06/02/00 CDN# 77899-63   205.00  1.00   -205.00
    502858 REV  REVENUE    05/31/00 FREIGHT ALL K  2050.00  0.88   1804.00
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                       LD:CANTON        MA  EMPTY:EL PASO            TX
    502882 ADV  ADVANCE    06/05/00 CDN# 78117-03  1005.00  1.00  -1005.00
    502882 REV  REVENUE    06/06/00 FREIGHT ALL K  2082.00  0.88   1832.16
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    R     RUPS UPS & FED EXPRES 06/08/00 FED EX IN   15.00  1.00    -15.00
    RWKLY BOND ESCROW          05/30/00             100.00  1.00   -100.00
    RWKLY RINS INSURANCE       06/05/00              80.00  1.00    -80.00
-------------------------------------------------------------------------
--DESCRIPTION--           ---PAY---              --MILEAGE-TOTALS--
GROSS                     3,636.16
EXP. REIMBUSRED               0.00                  0 LOADED MILES
ADVANCES                  2,215.00                  0 EMPTY MILES
CHARGES                     195.00                  0 TOTAL MILES
NET                       1,226.16  <----- NET PAY 400.00 TOTAL BOND
```

**SARGENT TRUCKING, INC.**

06/08/2000          1226.16     TILLEY, RICHARD

TOTAL- CHECK    $$$$$1226.16

096631

**SARGENT TRUCKING, INC.**
P.O. BOX 600 PH. 207-429-8106
MARS HILL, MAINE 04758

KATAHDIN TRUST COMPANY
MARS HILL, MAINE 04758

52-239/112 8

CHECK

PAY ONE THOUSAND, TWO HUNDRED TWENTY-SIX DOLLARS AND 16 CENTS*************

DATE AMOUNT

TO THE ORDER OF

06/08/2000 $$$$$1226.1

TILLEY, RICHARD
P.O. BOX 340208

HARTFORD, CT 06134-

AUTHORIZED SIGNATURE

⑈096631⑈ ⑆011202392⑆ 8300 111 5⑈

**SARGENT TRUCKING, INC.**

TOTAL-CHECK $$$$$165.00

096277

06/05/2000 165.00 TILLEY, RICHARD

**SARGENT TRUCKING, INC.**

⑈096277⑈ ⑆011202392⑆ 8300 111 5⑈

HARTFORD, CT 06134-
6 ASHLEY ST
P.O. BOX 340208
TILLEY, RICHARD

AUTHORIZED SIGNATURE

06/05/2000 $$$$$165.00

THE ORDER OF

PAY ONE HUNDRED SIXTY-FIVE DOLLARS AND 00 CENTS**************************

DATE AMOUNT

Security features. Details on back.

**SARGENT TRUCKING, INC.**
P.O. BOX 600 PH. 207-429-8106
MARS HILL, MAINE 04758

KATAHDIN TRUST COMPANY
MARS HILL, MAINE 04758

52-239/112 8

CHECK

096277

096277



**SARGENT TRUCKING, INC.**
P.O. BOX 600   PH. 207-429-8106
MARS HILL, MAINE 04758

KATAHDIN TRUST COMPANY
MARS HILL, MAINE 04758

52-239/112  8

CHECK

PAY
TO THE
ORDER OF

ONE HUNDRED SIXTY-FIVE DOLLARS AND 00 CENTS*************************

DATE                    AMOUNT

06/05/2000              $$$$$$165.00

TILLEY, RICHARD
P.O. BOX 340208
6 ASHLEY ST
HARTFORD,          CT   06134-

*Pamela Allen*
AUTHORIZED SIGNATURE

⑈096277⑈ ⑆011202392⑆ 8300 111 5⑈

---

**SARGENT TRUCKING, INC.**

06/05/2000          165.00     TILLEY, RICHARD

TOTAL-CHECK        $$$$$$165.00   096277

SARGENT TRUCKING, INC.

⑈096277⑈ ⑆011202392⑆ 8300 111 5⑈

HARTFORD,          CT   06134-

TILLEY, RICHARD
P.O. BOX 340208

*Pamela Allen*
AUTHORIZED SIGNATURE

06/08/2000

$$$$$1226.16

ONE THOUSAND, TWO HUNDRED TWENTY-SIX DOLLARS AND 16 CENTS************

DATE                    AMOUNT

PAY
TO THE
ORDER OF

52-239/112  8

CHECK

KATAHDIN TRUST COMPANY
MARS HILL, MAINE 04758

**SARGENT TRUCKING, INC.**
P.O. BOX 600   PH. 207-429-8106
MARS HILL, MAINE 04758



Case 1:01-cv-00038   Document 13   Filed in TXSD on 06/07/2001   Page 48 of 54

```
==TRAC/TRLR====06/19/2000=== SETTLEMENTS STATEMENT ==================PAGE= 1==

TYPE T    ID   4965    TRC: OWNER 10747 TILLEY, RICHARD        SARGENT TRUCKIN

******************************************************************************
ST PROREF TRAN TRAN-DESCRIPTION --DATE-- DESCRIPTION-- -AMOUNT-- RATE- ---PAY---
******************************************************************************
==============================================================================
   THE FOLLOWING ITEMS WERE RECEIVED BY CUTOFF AND PROCESSED THIS PAY PERIOD
==============================================================================
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                        LD:EL PASO          TX EMPTY:LAREDO              TX
   502906 ADV  ADVANCE         06/10/00 67160        505.00  1.00     -505.00
   502906 ADV  ADVANCE         06/10/00 67092        205.00  1.00     -205.00
   502906 REV  REVENUE         06/09/00 FREIGHT ALL K 500.00 0.88      440.00

                        LD:LAREDO           TX EMPTY:MOUNT VERNON       NY
   502907 ADV  ADVANCE         06/10/00 67159        505.00  1.00     -505.00
   502907 ADV  ADVANCE         06/13/00 67199        205.00  1.00     -205.00
   502907 REV  REVENUE         06/10/00 FREIGHT ALL K 1950.00 0.88    1716.00

   RUPS   RUPS UPS & FED EXPRES 06/10/00 FED EX IN     15.00  1.00      -15.00
   RUPS   RUPS UPS & FED EXPRES 06/19/00 FED EX IN     15.00  1.00      -15.00
   RWKLY  BOND ESCROW          06/05/00               100.00  1.00     -100.00
   RWKLY  RINS INSURANCE       06/12/00                80.00  1.00      -80.00
   RWKLY  RINS INSURANCE       06/19/00                80.00  1.00      -80.00
------------------------------------------------------------------------------
--DESCRIPTION--          ---PAY---                     --MILEAGE-TOTALS--
GROSS                    2,156.00
EXP. REIMBUSRED              0.00                       0 LOADED MILES
ADVANCES                 1,420.00                       0 EMPTY MILES
CHARGES                    290.00                       0 TOTAL MILES
NET                        446.00 <----- NET PAY     500.00 TOTAL BOND
```

Case 1:01-cv-00038   Document 13   Filed in TXSD on 06/07/2001   Page 49 of 54

```
==TRAC/TRLR====07/13/2000=== SETTLEMENTS STATEMENT ==================PAGE=  1==

TYPE T    ID   4965    TRC: OWNER 10747 TILLEY, RICHARD     SARGENT TRUCKIN

**********************************************************************************
ST PROREF TRAN TRAN-DESCRIPTION --DATE-- DESCRIPTION-- -AMOUNT-- RATE- ---PAY---
**********************************************************************************
================================================================================
  THE FOLLOWING ITEMS WERE RECEIVED BY CUTOFF AND PROCESSED THIS PAY PERIOD
================================================================================
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                          LD:LAREDO            TX  EMPTY:EDISON          NJ
   502997 ADV   ADVANCE        07/03/00 CDN# 80400-62    405.00  1.00   -405.00
   502997 ADV   ADVANCE        07/05/00 CDN# 80488-80    505.00  1.00   -505.00
   502997 REV   REVENUE        07/05/00 FREIGHT ALL K   1650.00  0.88   1452.00
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   503010 REV   REVENUE        07/10/00 FREIGHT ALL K    450.00  0.88    396.00
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   RUPS   RUPS UPS & FED EXPRES 07/12/00 FED EXP IN       15.00  1.00    -15.00
   RWKLY  RINS INSURANCE        07/10/00                  80.00  1.00    -80.00
--------------------------------------------------------------------------------
--DESCRIPTION--         ---PAY---                    --MILEAGE-TOTALS--
GROSS                   1,848.00
EXP. REIMBUSRED             0.00                           0 LOADED MILES
ADVANCES                  910.00                           0 EMPTY MILES
CHARGES                    95.00                           0 TOTAL MILES
NET                       843.00  <----- NET PAY      500.00 TOTAL BOND
```

**SARGENT TRUCKING, INC.**

07/13/2000          843.00      TILLEY, RICHARD

TOTAL->                          $$$$$$843.00

09927

```
==TRAC/TRLR====07/25/2000=== SETTLEMENTS STATEMENT ==================PAGE=  1==

TYPE T    ID   4965   TRC: OWNER 10747 TILLEY, RICHARD      SARGENT TRUCKIN

***************************************************************************
ST PROREF TRAN TRAN-DESCRIPTION --DATE-- DESCRIPTION-- -AMOUNT-- RATE- ---PAY---
***************************************************************************
===========================================================================
  THE FOLLOWING ITEMS WERE RECEIVED BY CUTOFF AND PROCESSED THIS PAY PERIOD
===========================================================================
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                       LD:BROWNSVILLE     TX  EMPTY:RAYMOND            NH
    289133 ADV   ADVANCE        07/14/00 CDN# 81317-02    605.00  1.00   -605.00
    289133 ADV   ADVANCE        07/17/00 CDN# 81427-60    505.00  1.00   -505.00
    289133 REV   REVENUE        07/17/00 FREIGHT ALL K   2205.84  0.88   1941.14

                       LD:DANVERS         MA  EMPTY:LAREDO             TX
    503024 ADV   ADVANCE        07/11/00 CDN# 80946-23    905.00  1.00   -905.00
    503024 REV   REVENUE        07/12/00 FREIGHT ALL K   1800.00  0.88   1584.00
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    RWKLY  RINS  INSURANCE      07/17/00                   80.00  1.00    -80.00
    RWKLY  RINS  INSURANCE      07/24/00                   80.00  1.00    -80.00
---------------------------------------------------------------------------
--DESCRIPTION--            ---PAY---              --MILEAGE-TOTALS--
GROSS                      3,525.14
EXP. REIMBUSRED                0.00                     0 LOADED MILES
ADVANCES                   2,015.00                     0 EMPTY MILES
CHARGES                      160.00                     0 TOTAL MILES
NET                        1,350.14  <----- NET PAY  500.00 TOTAL BOND
```

Richard Tilley 89607079
F C I Ft. Dix
Fort Dix New Jersey
Box 7000/ 08640

Legal Mail

United States
Southern District Attorney
600 E. Harrison St. #201
Brownsville Texas 78520-7114

PRIORITY MAIL

USA 34

legal mail
first-class mail   first
first-class mail

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. NO. B-01-038 |
| | § | |
| FOUR THOUSAND ONE HUNDRED | § | |
| FORTY-EIGHT DOLLARS ($4,148.00) | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## ORDER OF FORFEITURE

The United States of America has moved for entry of a Judgment by Default and a Final

Order of Forfeiture as to any interest Annetha Broughton and anyone else, excepting Richard H.

Tilley, may have in the FOUR THOUSAND ONE HUNDRED FORTY-EIGHT DOLLARS

($4,148.00), which constitutes the Defendant Currency in this matter.  The Court **FINDS**:

1.   Probable cause exists for the seizure and forfeiture of the Defendant Currency;

2.   All potential claimants were served with notice of the action;

3.   Within the required statutory period, only Richard H. Tilley has filed a verified claim

and answer;

4.   Notice of the complaint in this case was personally served upon Annetha Broughton on

March 13, 2001.

5.   Notice by publication, as provided by  Rule C(4) of the Federal Supplemental Rules for

Certain Admiralty and Maritime Claims, was completed on March 30, 2001.

6.   Neither Ms. Broughton nor anyone else, with the exception of Mr. Tilley as found above,

timely filed a verified claim or answer to the Complaint.

Based upon the facts presented, the Court **GRANTS** Plaintiff's motion, and it is hereby

**ORDERED**:

1.   That a judgment by default is entered against any interest that Annetha Broughton and all other persons, excepting Richard H. Tilley, may have in the FOUR THOUSAND ONE HUNDRED FORTY-EIGHT DOLLARS ($4,148.00), which constitutes the Defendant Currency.

2.   That all persons, except Richard H. Tilley, claiming any right, title or interest in or to the Defendant Currency are held in default;

**THIS IS THE FINAL ORDER OF FORFEITURE AS TO ALL INTERESTS IN THE DEFENDANT CURRENCY, EXCEPT THOSE OF RICHARD H. TILLEY, WHICH ARE ADDRESSED IN A SEPARATE ORDER.**

Signed this the _____ day of _____, 2001.

_____
UNITED STATES DISTRICT JUDGE

2

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___**7th**___ day of ___**June**_____, 2001, a true and correct copy of the foregoing **MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AS TO ALL INTERESTS, EXCEPT FOR THOSE OF RICHARD H. TILLEY, AND ENTRY OF FINAL ORDER OF FORFEITURE** was mailed, certified, return receipt requested, to the following individuals at the addresses indicated:

ANNETHA BROUGHTON
47 Sumner Street, Apt. 204
Hartford, CT 06106

RICHARD HENRY TILLEY
Federal Prisoner
US Marshals Service No. 89607079
Federal Corrections Institute - Ft. Dix
PO Box 38
Ft. Dix
New Jersey, 08640

RONALD G. MORGAN
Assistant United States Attorney